———o———

No. 4585.

Court of Appeal, Parish of Orleans.

ANSLEY AND MONTGOMERY, SUBROGEES, VS. ELIAS PAILET.

1. In construing the meaning of a stipulation for attorney's fees in a

—93—

written instrument, the court will examine its terms and the evidence to ascertain if the condition has happened, on which the debtor was liable for such fees.

2. The matter is not one of general law, but one of the special law which the parties have made for themselves, and embodied in the phraseology of their contract.

Appeal from Civil District Court, Division "A."

J. W. Sherman and E. C. Ansley, for Plaintiff and Appellee.

A. D. Danziger, for Defendant and Appellant.

DUFOUR, J.  In 1906 defendant gave the Cosmopolitan Bank his note payable on demand for $15,000, secured by certain shares of stock, and in January, 1907, paid $1,000 on account thereof.

The note contained the following stipulation.

"The drawer agrees to pay attorneys' fees estimated at 5 per cent. on the amount of this note, and secured by this pledge, in case of the employment of an attorney to enforce this note or pledge."

After calling the loan without result, the bank placed the matter in the hands of the plaintiffs, its attorneys, who, March 20, 1907, made a demand for payment of the note.

It clearly appears from the testimony that, after negotiations, between the attorneys, bank officers and the defendant, it was agreed that the defendant should settle his indebtedness by giving two notes and additional and better collateral to the extent of over $18,000.

The defendant refused to pay the attorney's fees, but it was finally agreed to settle the matter as promised, leaving open for judicial consideration the right of the attorney under the contract and assignment.

The bank having transferred its rights as to attorneys' fees to the plaintiffs' they have instituted the present action.

In support of the argument that "the conditions under which the clause as to attorneys' fees was to become operative were never fulfilled," defendant's counsel cite cases to the effect that "collection" means to receive money in payment, and that a stipulation for attorney's fees in case of suit is not enforcible unless suit is brought.

This is good law, but it is not applicable here.

As is well said by our brother of the District Court:

"The court will follow the strict terms of the stipulation of the note, and will look to the evidence to ascertain if under it the condition has happened on which the debtor was to become liable for the creditor's attorneys' fees."

This is not a matter of general law, but one of special law which the parties have made for themselves and embodied in the phraseology of their contract.

In the agreement under consideration nothing is said about collection or legal proceedings, attorney's fees accrue "in case of the employment of an attorney to enforce their note or pledge."

Upon demand of payment and the drawer's default, the plaintiff' were employed to enforce the note; this they did by obtaining new notes and letters as well as ample security.

The obtaining of payment in money is not the sole meaning of employment and we are clear that the defendant is liable for the fees.

It is urged that plaintiffs cannot recover because they sue as subrogees and the subrogation was not made at the time of the settlement, as required by Act 2160 R. C. C.

Apart from the consideration that the want of capacity should have been pleaded *in limine,* the article refers to *payments* by third persons.

The bank, being primarily liable to its lawyers, had the right to assign its claim against its debtor in consideration of a release by the lawyers of their claim against the bank.

The claim of waivers is unfounded, the conclusion of fact of both the district judge and ourselves is that, notwithstanding defendant's denial, it is abundantly shown that the right to sue for the fees was specially reserved.

Judgment affirmed.

January 11, 1909.

Rehearing refused January 25, 1909.